UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EDWARD C. HORTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-02397-TWP-DML |
| | ) |
| LEASINGDESK SCREENING, | ) |
| MONON LOFTS APARTMENTS, | ) |
| and BETTERNOI, | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING MOTION TO THE COURT AND
ENTRY SCREENING COMPLAINT AND ORDER TO SHOW CAUSE**

This matter is before the Court on *pro se* Plaintiff Edward C. Horton's ("Mr. Horton") Motion to the Court Reff: Jurisdiction, Case Argument, Supporting Evidence, (Dkt. 9), and for Screening. For the reasons stated below, the Motion is **denied** and the Amended Complaint is subject to dismissal for lack of subject matter jurisdiction.

**I. SCREENING**

On September 16, 2020, Mr. Horton filed a Complaint, initiating this civil action, (Dkt. 1). Then on September 21, 2020, Mr. Horton filed an Amended Complaint, (Dkt. 7). Mr. Horton paid the filing fee when he filed his original Complaint. Although the filing fee has been paid and Mr. Horton is not proceeding *in forma pauperis*, the Court now screens the Amended Complaint under its inherent authority to do so. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307–08 (1989) (*in forma pauperis* statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status").

"Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Dismissal of a complaint is appropriate where it fails to state a claim for relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United

States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

In his Amended Complaint, Mr. Horton requests $3,035,000.00 in damages from Defendants LeasingDesk Screening, Monon Lofts Apartments, and Betternoi (collectively, "Defendants"). He asserts that he is bringing a claim "for violations of the Plaintiffs [sic] Civil Rights, harassment, defamation, housing discrimination and Violations of the Federal Trade Commission, [and] Fair Debt Collection Practices Act". (Dkt. 7 at 2.) Mr. Horton alleges, "This filing is not in connections [sic] with the Plaintiff filing in the Marion County Superior Court filing, a filing for Defendant No. 2, unadjudicated claim and for failing to provide a safe place to rent and Defamation." *Id.* He further alleges, "The Plaintiff should not have to file in Courts to get information about anything as it applies to The Fair Debt Collections Act or get the run around by the Defendants." *Id.* He then mentions "soft inquiries credit checks," "misleading and deceptive" actions in failing to identify as a debt collector, and a failure of "removal of the unadjudicated claims from the Plaintiff credit report". Mr. Horton also notes that he filed a lawsuit "in the Texas Court to find out who the creditor is." *Id.* at 2–3.

From the matters asserted in Mr. Horton's Amended Complaint, it is not clear whether he is asserting claims that already have been brought in Marion Superior Court or a Texas court, or whether he is bringing claims (not asserted in another lawsuit) under the Fair Debt Collection

3

Practices Act for false and misleading practices or failing to report a debt as disputed. The Amended Complaint fails to provide a short and plain statement of a claim showing that Mr. Horton is entitled to relief. As filed, the Amended Complaint does not provide sufficient facts that raise a right to relief above the speculative level. Moreover, the Amended Complaint lacks clarity. It does not give the Defendants fair notice of what the claims are and the grounds upon which each claim rests because it lacks factual allegations of the Defendants' wrongful conduct. Accordingly, the Amended Complaint is subject to dismissal for lack of subject matter jurisdiction.

## II. MOTION TO THE COURT

On September 28, 2020, Mr. Horton filed a Motion to the Court Reff: Jurisdiction, Case Argument, Supporting Evidence. (Dkt. 9.) In the Motion, Mr. Horton asks the Court "to venue out at cost to the Plaintiff to the Proper Court of jurisdiction in the Great State and Federal Court of Illinois[], where both businesses reside[] and/or do business…". *Id*. Mr. Horton provides case numbers for matters in the Texas Justice Court, Marion County Center Township Small Claims Court and Marion County Superior Court. He mentions claims for defamation, housing discrimination and violations of his civil rights. Attached to the Motion are 22 pages of exhibits consisting of pleadings from other courts, screen shots, photographs and letters. (Dkt. 9-1.) He asks the Court not to dismiss his claim. If Mr. Horton is attempting to establish subject matter jurisdiction in the Motion, he has failed to do so. His claims may not be stated in a motion, rather they must be set forth in a complaint. To avoid dismissal of his claims, Mr. Horton must file a second amended complaint which complies with the federal rules of civil procedure, and provides a short and plain statement of each claim and provide facts to support each claim. Because the relief requested, avoidance of dismissal of his claims, should be made by filing a second amended complaint, the Motion, dkt. 9, is **denied**.

### III.  ORDER TO SHOW CAUSE

Mr. Horton is granted leave to file a Second Amended Complaint if he believes he can cure the defects in his amended complaint. Mr. Horton shall have through **Friday, October 23, 2020**, by which to show cause why judgment consistent with this Entry should not issue.  *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an . . . applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Mr. Horton elects to file a Second Amended Complaint, he should conform to the following guidelines:

(a) the second amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2));

(b) the amended complaint must include a demand for the relief sought;

(c) the amended complaint must identify what legal injury Mr. Horton claims to have suffered and what persons are responsible for each such legal injury; and

(d) the amended complaint must include the case number referenced in the caption of this Entry.

The second amended complaint also should demonstrate that jurisdiction is proper in this Court. The **Clerk shall mail** a copy of the form Complaint in Non-Prisoner Case to Mr. Horton along with a copy of this Entry.

If a second amended complaint is not filed by **Friday, October 23, 2020**, this action will be dismissed for the reasons set forth above.

### IV.  CONCLUSION

For the reasons stated above, Plaintiff's Motion to the Court Reff: Jurisdiction, Case Argument, Supporting Evidence, (Dkt. [9]), is **DENIED**.  The Court has screened Mr. Horton's Amended Complaint and determined that it is subject to dismissal for lack of subject matter jurisdiction.  Mr. Horton shall have up to and including **Friday, October 23, 2020**, by which to file a Second Amended Complaint if he chooses to do so.  If a Second Amended Complaint is not filed by said date, this matter will be dismissed for lack of subject matter jurisdiction and this cause of action will be terminated.

**SO ORDERED.**

Date:  9/29/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Edward C. Horton
640 East Michigan Street, B119
Indianapolis, Indiana 46202

6