**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| EDWARD C. HORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02397-TWP-MG |
| | ) | |
| MONON LOFTS APARTMENTS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant Monon Lofts Apartments ("Monon") (Filing No. 38). *Pro se* plaintiff Edward C. Horton ("Horton") initiated this action after a dispute arose with Monon concerning a residential lease for the apartment where he was living. Horton alleges that Monon committed the following: mail fraud (Count I), credit reporting fraud (Count II), violation of a privacy act (Count III), and interstate fraud (Count IV) (Filing No. 33 at 6–9). After Horton filed his Second Amended Complaint, Monon moved to dismiss the case asserting failure to state a claim upon which relief can be granted. For the following reasons, the Court **grants** the Motion to Dismiss.

## I.     BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of Horton as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

On August 4, 2020, Monon's area manager and Monon's attorney at the time mailed Horton a document titled "Defendant's Answer to Plaintiff's Request for Interrogatories" (the "Interrogatories") in relation to a state court case filed by Horton ([Filing No. 33-1](#)). In the Interrogatories, Monon answered that on April 27, 2018, Monon sent Horton a statement, Horton failed to pay it within the allotted time, and the balance was subsequently sent to BetterNOI—a debt collector. *Id.*

Horton's alleged failure to pay was recorded on Horton's rental report on March 26, 2018 ([Filing No. 33-3](#)). Thereafter, Horton apartment rental applications were denied on May 20, 2019, September 14, 2019, November 18, 2019, and June 8, 2020, because of his "bad" rental history ([Filing No. 33 at 7](#)). On September 30, 2020, Horton received a letter from BetterNOI's attorney informing Horton that BetterNOI is not a debt collector and does not conduct any business in the state of Indiana ([Filing No. 33-2](#)).

Horton filed this lawsuit on September 16, 2020, naming Monon, BetterNOI, and RealPage (incorrectly identified as Leasingdesk Screening) as defendants ([Filing No. 1](#)). Horton then filed an amended complaint on September 21, 2020 ([Filing No. 7](#)). This Court issued a Notice of Screening on September 29, 2020, informing Horton that his amended complaint did not provide "a short and plain statement of a claim showing that Horton is entitled to relief" and was subject to dismissal for lack of subject matter jurisdiction ([Filing No. 10 at 4](#)). Thereafter, Horton filed a Second Amended Complaint on October 22, 2020, seeking damages in the amount of $2,475,000.00 ([Filing No. 33](#)). On October 28, 2020, BetterNOI and RealPage were dismissed as defendants without opposition from Horton ([Filing No. 34 at 4](#)). On November 9, 2020, Monon filed the instant Motion to Dismiss, asking the Court to dismiss all claims Horton has asserted against it ([Filing No. 38](#)).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Additionally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Court notes that:

> [I]t is also well established that pro se litigants are not excused from compliance with procedural rules. [T]he Supreme Court has never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel[.] Further, as the Supreme Court has noted, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

*Loubser v. United States*, 606 F. Supp. 2d 897, 909 (N.D. Ind. 2009) (citations and quotation marks omitted).

### III.    DISCUSSION

In its Motion to Dismiss, Monon asserts that Horton has failed to plead sufficient factual allegations to state a claim to relief, and additionally, the claims are brought pursuant to criminal statutes that do not provide a private right of action to Horton. The Court will address the claims and arguments in turn.

**A.    Horton's Criminal Statute Claims—Counts I, III, and IV**

First, Monon argues that Horton's Second Amended Complaint "does not state facts, that if accepted as true, establish a right to relief" under 18 U.S.C § 1341 (mail fraud) (Filing No. 39 at 2). Monon asserts that the Interrogatories that Horton mentions are from a different case and argues this court is not the correct forum to address any issue with the Interrogatories. *Id.* Monon goes on to assert that Horton's allegations "are so unclear that even with a generous reading, it is not clear that there are any facts alleged that would create an entitlement to relief." *Id.* Merely using the terms "swindle" and "interstate," without actual allegations of fact, is insufficient to assert a claim. *Id.* at 3.

Second, Monon argues that Horton's third claim alleging a breach of the "Privacy Act" is vague, and it is unclear what the actual wrongdoing was and what Monon had to do with it; thus, he has failed to state a claim to relief. *Id.* Third, Monon asserts that even if it had provided information to someone that was not a debt collector, "no explanation is provided for how that caused the complained of 'breach in the Plaintiff [sic] stolen ID.'" (Filing No. 39 at 3 (citing to Filing No. 33 at 9).) Monon contends that Horton failed to "raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555).

Horton responds that the Court may treat a motion to dismiss as a motion for summary judgment, and he is "okay" with the Court disposing of the case as such (Filing No. 41 at 1). He then asserts that Monon lied in the Interrogatories despite the document stating that Monon certified the information under penalty of perjury. *Id.* Regarding the Interrogatories, Horton states that there are no pending cases that would interfere with this Federal Court and, because of that, this Court is the correct forum to address the mail fraud claim related to the Interrogatories. *Id.* He argues that he has "already proven" that Monon perjured itself and has provided Monon with everything necessary to have a clear understanding of the facts. *Id.* at 2. Instead of dismissal, Horton requests summary judgment and states that "[n]one of the Plaintiff['s] filings are speculative and are proven to be facts." *Id.*

In its reply brief, Monon argues that Horton's Second Amended Complaint "offers nothing but unsupported conclusory, nonfactual assertions and legal conclusions." (Filing No. 43 at 2.) Monon points out that there is no private right of action on the claims of mail fraud, violation of the Privacy Act, and interstate fraud. *Id.* at 3. Monon cites *Bajorat v. Columbia-Breckenridge Dev. Corp.*, which states that "[a]lthough a private right of action may be implied from a criminal statute, such implied right will only exist where there is a factual basis for believing that Congress so

intended." *Id.* at 3 (citing 944 F. Supp. 1371, 1377–78 (N.D. Ill. 1996) (internal citation omitted)). Monon argues that the mail fraud statute, 18 U.S.C. § 1341, has no private right of action. *Id.* at 4 (citing *Stoller v. Fumo*, No. 19 C 02546, 2020 WL 2404579, at \*6 (N.D. Ill. May 12, 2020)). As to Horton's claim alleging that Monon violated the Privacy Act, Monon argues that Horton "has failed to set forth any basis establishing that Congress intended a private right of action under 18 U.S.C. Section 1028." *Id.* at 5. The same argument is made regarding Horton's claim alleging that Monon committed interstate fraud "under 18 U.S.C. Section 1343." *Id.* at 6. Monon cites *Napper v. Anderson, Hensley, Shields, Bradford & Pritchard*, stating: "The wire fraud act, 18 U.S.C. § 1343, is closely analogous to the mail fraud statute . . . and likewise evidences no intent of Congress to grant additional federal question jurisdiction in civil cases." *Id.* (quoting 500 F.2d 634, 636 (5th Cir. 1974)).

In his surreply brief, Horton again asks the Court to treat the Motion to Dismiss as a motion for summary judgment and states that "if matters outside the pleading are accepted by the court on a motion to dismiss the Court 'must convert the motion into one for Summary Judgment.'" [Filing No. 44 at 1](quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255 n.2 (11th Cir. 2006) (citing *Carter v. Stanton*, 405 U.S. 669, 671 (1972))).) He continues by asserting that Monon perjured itself when it answered that BetterNOI was a debt collector in the Interrogatories. *Id.* at 2. Horton argues that the perjury by Monon cost him money and time. *Id.* Due to Monon naming BetterNOI as a debt collector, he filed unnecessary lawsuits against BetterNOI and Leasingdesk Screening. *Id.* Horton further argues that he has a private right of action because of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 *et seq. Id.* Under RICO, Horton argues that Congress intended to allow a private right of action, which "allows ordinary litigants to sue for damages." *Id.* at 3.

Upon review of the Second Amended Complaint, the parties' arguments, and the relevant authorities, the Court finds that Horton has failed to state a claim to relief, and these claims must be dismissed. To begin, the criminal statutes upon which Horton relies do not create a private right of action, so Horton's claims must be dismissed on that basis alone.

Furthermore, while Horton asserts that he has a private right of action against Monon pursuant to RICO, his argument is unavailing. Under RICO, an individual may have a private right of action to file a civil claim. *See* 18 U.S.C. § 1964(c). RICO states that it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). However, allegations of fraud under RICO are "subject to the heightened pleading standard of Fed.R.Civ.P. 9(b), which requires a plaintiff to plead all averments of fraud with particularity." *Slaney v. Int'l Amateur Ath. Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001). Because of this heightened standard, a plaintiff filing a claim under RICO must "at a minimum, describe the two predicate acts of fraud with some specificity and state the time, place, and content of the alleged false representations, the method by which the misrepresentations were communicated, and the identities of the parties to those misrepresentations." *Id.* Furthermore, to establish a pattern under RICO, there must be at least two predicate acts of racketeering. *Id.* Additionally, "a multiplicity of mailings does not necessarily translate into a 'pattern' of racketeering activity." *Id.* at 599. Lastly, a single fraudulent scheme with only one victim, does not constitute a "pattern" of racketeering activity. *Id.* (citing *Lipin Enterprises, Inc. v. Lee*, 803 F.2d 322, 324 (7th Cir. 1986)).

Horton simply has not met the pleading standard requirements of RICO for Counts I, III, and IV. Additionally, Horton not only failed to plead any RICO claim in his Second Amended

7

Complaint, he also did not argue anything concerning RICO in his response brief; he only argued it in his surreply brief. This also supports dismissal of Horton's claims. *See Local 15, IBEW v. Exelon Corp.*, 495 F.3d 779, 783 (7th Cir. 2007) (affirming the district court's dismissal because plaintiff failed to raise an argument in their complaint and in their response to the motion to dismiss). Because Horton has failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Monon's Motion to Dismiss Counts I, III, and IV is **granted**.

**B.      Horton's Credit Reporting Fraud Claim**

Monon argues that Horton's second claim also does not put Monon on "fair notice" of the factual basis for his claim (Filing No. 39 at 3). Monon contends that "[i]t is unclear whether Monon Lofts reported information, to whom it was reported, and, even assuming information was reported, whether it was inaccurate in any way relevant to Monon Lofts." *Id.*

In his response brief, Horton fails to address Count II, his "credit reporting fraud" claim. Instead, Horton focuses on his mail fraud claim (Count I) and his request for summary judgment (Filing No. 41 at 1–2).

In its reply, Monon addresses Horton's label and claim that alleges violation of 15 U.S.C. § 1692, which is the Fair Debt Collection Practices Act ("FDCPA") (Filing No. 43 at 7). Monon argues that "Horton never specifically alleges what actions by Monon Lofts violated the FDCPA," and, therefore, does not put Monon on "fair notice." *Id.* Furthermore, Monon states it is "unclear whether Monon Lofts reported information, to whom it was reported, and, even assuming information was reported, whether it was inaccurate in any way relevant to Monon Lofts." *Id.*

Monon argues that Horton's claim regarding the FDCPA violation is (1) time-barred and (2) does not apply to Monon. *Id.* at 8. To the first point, Monon asserts that the "FDCPA requires a plaintiff to file suit within one year from the date on which the violation occurred." *Id.* (citing 15

8

U.S.C. § 1692k(d)). The violation would have happened on March 26, 2018, when Monon was placed on Horton's rental report. *Id.* Because more than two years passed between the alleged violation and the filing of this action, Monon argues that Horton's claim is time-barred. Second, Monon argues the FDCPA does not apply to it because Monon is not a debt collector. *Id.* Monon states that "Monon Lofts owns the real property known as Monon Loft Apartments and is engaged in the business of providing multi-family housing." *Id.* To support its argument, Monon cites *Jarzyna v. Home Properties, L.P.*, where the court "considered whether a former landlord was a creditor or a debt collector under the FDCPA," and found that "the landlord was a creditor and not a debt collector under the FDCPA." *Id.* at 8–9 (citing 114 F. Supp. 3d 243, 253–54 (E.D. Pa. 2015)).

In Horton's surreply, he continues to argue that Monon failed to report the alleged debt to the credit bureau; Monon has not named the debt collector; Monon released information regarding Horton's debt without reporting it to the credit bureau, leading to damages and "defamation of the Plaintiff credit history;" Monon lied in the Interrogatories, which led to unnecessary lawsuits; and finally, Horton argues that Monon is the debt collector. *Id.* at 3–4. Horton argues that Monon is the debt collector because it failed to give the true name of a collection agency or debt collector and is therefore in violation of the FDCPA.

Horton's Count II fails to state a claim for which relief can be granted. Horton alleges that Monon violated the FDCPA by denying his rental applications due to the bad rental history provided by Leasingdesk Screening. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. Horton does

9

not state what actions Monon took to violate the FDCPA. Because Horton does not provide sufficient allegations, he fails to put Monon on "fair notice" of the factual underpinnings of his claim for relief.

And even if his allegations were sufficient, any FDCPA claim is untimely. Under the FDCPA, a plaintiff must file suit within one year from the date the violation occurred. 15 U.S.C. § 1692k(d). Horton mentions five dates in Count II, but only one date is related to Monon—March 26, 2018—when Monon was placed on Horton's rental report (Filing No. 33 at 7; Filing No. 33-3). The first complaint was filed on September 16, 2020—more than two years after the alleged violation (Filing No. 1). Count II of Horton's Second Amended Complaint fails to state a claim upon which relief can be granted, so Monon's Motion to Dismiss Count II is **granted**.

## IV. CONCLUSION

For the reasons stated above, Monon's Motion to Dismiss (Filing No. 38) is **GRANTED**, and Horton's claims are dismissed with prejudice.[1] All other pending motions are **denied as moot**. Final judgment will issue under separate order.

**SO ORDERED.**

Date: 7/23/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Edward C. Horton
640 E. Michigan St. B119
Indianapolis, IN 46202

Kathryn M. Merritt-Thrasher
LANDMAN & BEATTY LAWYERS LLP
kmerritt-thrasher@landmanbeatty.com

---

[1] Because Mr. Horton already has had opportunities to amend his Complaint to sufficiently plead his claims, dismissal with prejudice is appropriate. The Seventh Circuit has noted that "dismissal under Rule 12(b)(6) . . . is a dismissal with prejudice." *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 697 (7th Cir. 2015).